**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELVIN R. ARRANT,<br><br>    Plaintiff,<br><br>v.<br><br>KELLY SANTORO, et al.,<br><br>    Defendants. | Case No.: 1:20-cv-01253-DAD-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION/CLARIFICATION, AND FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 11, 12) |

    Plaintiff Melvin R. Arrant is proceeding *pro se* and *in forma pauepris* in this civil rights action pursuant to 42 U.S.C. § 1983.

    On October 30, 2020, the undersigned screened Plaintiff's complaint and found that Plaintiff stated separate claims for retaliation against Defendant Lozano, Garcia, Dodson, Herrera, Valdez, Felix, Florez, and Chanelo, and separate excessive force claims against Defendants Florez and Tapia. (ECF No. 11.) However, Plaintiff was advised that he failed to state any other cognizable claims. (Id.) Therefore, Plaintiff was advised that he could file an amended complaint or a notice of intent to proceed on the claims found to be cognizable. (Id.)

    On November 12, 2020, Plaintiff filed a notice of intent to proceed only on the retaliation and excessive force claims and dismiss all other claims and Defendants. (ECF No. 12.) Plaintiff also seeks reconsideration and clarification as to whether he has stated a cognizable retaliation claim against Defendant Tapia based on his allegations that he used excessive force because he filed complaints. Upon review of the factual allegations in the complaint, the Court agrees with Plaintiff that he has stated a cognizable retaliation claim against Defendant Tapia for using excessive force in

1

retaliation for filing a grievance and complaint against his partner.  (Compl. at 22-23; ECF No. 11 at 8-9.)

Based on Plaintiff's November 12, 2020 notice, the Court will recommend that this action proceed against Defendants Defendant Lozano, Garcia, Dodson, Herrera, Valdez, Felix, Florez, Chanelo, and Tapia for retaliation as explained herein and in the Court's October 30, 2020 screening order, and separate excessive force claims against Defendants Florez and Tapia.  Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed against Defendants Lozano, Garcia, Dodson, Herrera, Valdez, Felix, Florez, Chanelo, and Tapia for retaliation, and separate excessive force claims against Defendants Florez and Tapia; and

2. All other claims and Defendants be dismissed for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 17, 2020**

UNITED STATES MAGISTRATE JUDGE