UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN R. ARRANT,<br><br>    Plaintiff,<br><br>    v.<br><br>KELLY SANTORO, et al.,<br><br>    Defendants. | No. 1:20-cv-01253-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (1) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION and (2)<br><br>(Doc. Nos. 2, 10, 13) |

    Plaintiff Melvin R. Arrant is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**SEPTEMBER 3, 2020 FINDINGS AND RECOMMENDATIONS**

    On September 3, 2020, plaintiff filed a motion seeking a preliminary injunction and a temporary restraining order. (Doc. No. 2.) On October 28, 2020, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for a preliminary injunction and temporary restraining order be denied. (Doc. No. 10.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id*. at 4.) No objections to the

1

1  findings and recommendations have been filed, and the time for doing so has passed.

2  In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court finds the September 3, 2020 findings and recommendations to be supported by the record and by proper analysis.

## NOVEMBER 18, 2020 FINDINGS AND RECOMMENDATIONS

On October 30, 2020, the assigned magistrate judge screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a), finding plaintiff stated separate cognizable claims for retaliation against Defendants Lozano, Garcia, Dodson, Herrera, Valdez, Felix, Flores,[1] and Chanel; stated separate cognizable excessive force claims against Defendants Florez and Tapia; but failed to state any other cognizable claims.  (Doc. No. 11.)  Plaintiff was advised he could elect to file either an amended complaint curing the deficiencies identified in the screening order or a notice of his intent to proceed on only the claims found to be cognizable by the screening order.  (*Id.* at 18.)  On November 12, 2020, plaintiff filed a notice of intent to proceed only on his cognizable claims and sought reconsideration and clarification as to whether he had alleged a cognizable claim against Defendant Tapia for retaliation.  (Doc. No. 12 at 2–3.)

On November 18, 2020, the pending findings and recommendations recommending were issued, recommending plaintiff's claims for retaliation against Defendants Lozano, Garcia, Dodson, Herrera, Valdez, Felix, Flores, Chanelo, and Tapia as well as separate excessive force claims against Defendants Florez and Tapia be permitted to proceed and recommending that all other claims and defendants be dismissed for failure to state a claim for relief.  (Doc. No. 13.)  The findings and recommendations were served on plaintiff and contained notice that objections were to be filed within fourteen (14) days of the order's date of service.  (*Id.* at 2.)  Plaintiff has

---

[1] The screening order correctly found plaintiff's retaliation claim against defendant A. Flores was cognizable and described in detail the allegations supporting the claim against defendant A. Flores; however, the conclusion of the screening order and the pending findings and recommendations erroneously describe the retaliation claim as brought against defendant J. Florez. (Doc. Nos. 11 at 4–7, 17; 13 at 2.)  The court clarifies herein that plaintiff has alleged a cognizable retaliation claim against defendant A. Flores and plaintiff has alleged a separate, cognizable excessive force claim against J. Florez.

1 not filed objections to the findings and recommendations, and the time in which to do so has
2 passed.

3       Again, in accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has
4 conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court also
5 finds the November 18, 2020 findings and recommendations to be supported by the record and by
6 proper analysis.

7       The undersigned adds the following only to clarify that while defendants Dodson and
8 Felix—referred to in plaintiff's complaint as S&E Officer Dodson and Sgt. Felix, respectively—
9 were not listed in the caption of the complaint, both were clearly identified in the body of the
10 complaint and had relief sought against them, which demonstrated they were intended to be
11 named as defendants in this action. (*See, e.g.*, Doc. Nos. 1 at 9–11, 21; 11 at 10–11, 17.)
12 Although plaintiff should have listed both as defendants in the caption as required by Federal
13 Rule of Civil Procedure 10, plaintiff's claims nevertheless may be maintained against both
14 Dodson and Felix. *Yeseta v. Baima*, 837 F.2d 380, 382 (9th Cir. 1988) (citing *Rice v. Hamilton*
15 *Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("a party may be properly in a
16 case if the allegations in the body of the complaint make it plain that the party is intended as a
17 defendant."))

18 **CONCLUSION**

19     Accordingly,

20     1.    The findings and recommendations issued on October 28, 2020 (Doc. No. 10) and
21           the findings and recommendations issued on November 18, 2020 (Doc. No. 13) are
22           both adopted in full;

23     2.    Plaintiff's motion for a preliminary injunction and temporary restraining order
24           (Doc. No. 2) is denied;

25     3.    This action shall proceed against defendants Lozano, E. Garcia, Dodson,
26           O. Herrera, J. Valdez, Felix, A. Flores, P. Chanelo, and D. Tapia for retaliation as
27           explained herein and in the Court's October 30, 2020 screening order, and separate
28           excessive force claims against defendants J. Florez and D. Tapia;

4. All other claims and defendants are dismissed from the action; and

5. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **December 16, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE