| | |
|---|---|
| MELVIN R. ARRANT, | ) Case No.: 1:20-cv-01253-DAD-SAB (PC) |
| Plaintiff, | ) |
| v. | ) FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT HERRERA'S MOTION TO DISMISS |
| KELLY SANTORO, et al., | ) |
| Defendants. | ) (ECF No. 22) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Melvin R. Arrant is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant Herrera's motion to dismiss, filed March 8, 2021.

**I.**

**RELEVANT HISTORY**

This action is proceeding Defendants Lozano, E. Garcia, Dodson, O. Herrera, J. Valdez, Felix, A. Flores, P. Chanelo, and D. Tapia for retaliation, and a separate excessive force claims against Defendants J. Florez and D. Tapia.

On March 8, 2021, Defendant Herrera filed the instant motion to dismiss the retaliation claim against him. (ECF No. 22.) On March 18, 2021, Plaintiff filed an opposition, and Defendants filed a reply on March 25, 2021. (ECF Nos. 23, 24.)

1

## II.

## LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000). Yet, the court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2006).

## III.

## DISCUSSION

### A.    Allegations of Complaint[1]

On December 12, 2018, officer Herrera retaliated against Plaintiff by issuing a false RVR counseling chrono accusing Plaintiff of disobeying an order.

On December 19, 2018, Plaintiff sent officer Herrera a Form 22 request indicating that he was in front of building 1 which is on the opposition side of building 5. Plaintiff also indicated that he has

---

[1] Because the motion to dismiss is brought only by Defendant Herrera, the Court limits the factual allegations to this Defendant.

a medical ailment in his leg in which hardware was inserted due to a compound fracture. When the season changes to a cold climate Plaintiff experiences discomfort if he moves too fast.

On December 12, 2018, Plaintiff filed a Form 22 request regarding officer Ortega's regarding Ortega's action in closing the door after yard recall. Ortega responded stating, "I did what I was instructed to do, close the front door, not knowing who was outside."

Officer Herrera never answered Plaintiff's Form 22 request. Plaintiff also asked inmate Rutherford if he received an RVR and he said he "did not."

### B. Defendant's Request to Take Judicial Notice

Defendant Herrera requests that the Court take judicial notice his December 12, 2018 counseling-only chrono about Plaintiff's refusal to obey an order, Code of California Regulations, title 15, § 3312, and the California Department of Correctional and Rehabilitation's (CDCR) Department Operations Manual § 52080.3. (ECF No. 22-2, Exs. A-C.)

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources who accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). Courts may take judicial notice of facts related to the case before it. Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361-1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). This Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002). Records of CDCR are subject to judicial notice as records not subject to reasonable dispute, as are records of California state courts. Fed. R. Evid. 201(b)(2); City of Sausalito v. O'Neill, 386 F.3d 1186, 1223 n. 2.(9th Cir. 2004); Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

Furthermore, "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. Proc. 10(c). Under Rule 10(c), "[e]ven if a document is not attached to the complaint, it may be incorporated by reference into a complaint if the plaintiff

refers extensively to the document or the document forms the basis of the plaintiff's claim. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (internal citations omitted).

Because the Court may take judicial notice of documents requested, Defendant's request to take judicial notice of the above-mentioned documents is granted. See Brown v. Valoff, 422 F.3d 926, 931 n.7 (9th Cir. 2005) (taking judicial notice of DOM sections about inmate grievance); see also Dunn v. Castro, 621 F.3d 1196, 1205 (9th Cir. 2010) (incorporating by reference documents identified in operative complaint and considering when ruling on a Rule 12(b)(6) motion).

### C. Analysis of Defendant's Motion

Defendant Herrera argues that Plaintiff fails to state a cognizable retaliation claim against him because a counseling-only chrono is not an adverse action. In addition, Defendant Herrera argues he is entitled to qualified immunity.

In opposition, Plaintiff argues that the Rules Violation Report was not only false but also promised progressive discipline.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014). Mere verbal harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). In addition, threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

An adverse action is an "action that would chill a person of ordinary firmness from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006). In the

correctional context, the action taken must adversely affect the plaintiff. See, e.g., Rhodes, 408 F.3d at 586 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances sufficiently pleaded adverse action); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 2006) (allegation of retaliatory prison transfer and double-cell status sufficiently stated a retaliation claim).

Defendant submits and this Court takes judicial notice of the fact that CDCR provides a "graduated system" of inmate discipline designed to be administered in a manner commensurate with the seriousness of the offense. (Defs.' Req. for Judicial Not. Exs. B and C; Cal. Code Regs. tit. 15, § 3312.) The discipline of an inmate is handled in one of three different ways: verbal counseling, a counseling-only chrono, or a formal rules violation report. (Id.) "When similar minor misconduct reoccurs after verbal counseling or if documentation of minor misconduct is needed, a description of the misconduct and counseling shall be documented on a Counseling Only Rules Violation Report." (Id.; Cal. Code Regs. tit. 15, § 3312(a)(2).) The report "is meant for documenting an event or misconduct on the part of the inmate." (Id.) Staff provide a copy to the inmate, and place the original in the inmate's central file. (Defs.' Req. for Judicial Not. Ex. C; Dep't Operations Manual (DOM) § 52080.3.) After the report is given to the inmate, the disciplinary process ends. (Id.)

Here, on December 12, 2018, at approximately 4:30 p.m., Defendant Herrera gave an announcement for "yard recall" from the facility's observation tower, instructing that any inmate in the yard had to return to his housing assignment. (Defs.' Req. Judicial Not. Ex. A.) Ten minutes after the announcement, Herrera noticed that several inmates did not comply with the announcement and failed to return to their housing unit. (Id.) Herrera then instructed the facility's control booths to close their doors. (Id.) Then, Herrera and other officers went to the facility's grounds to counsel the inmates about their refusal to heed the announcement. (Id.)

Defendant Herrera identified Plaintiff by his state-issued inmate identification card, who was among eight other inmates that refused to return to their housing unit at Herrera's direction. (Id.) Defendant Herrera gave the inmates a verbal warning that they would be receiving a counseling-only chrono, and any future violation would result in progressive discipline. (Id.) Pursuant to the report, no further disciplinary actions were taken. (Id.)

As stated above, Defendant Herrera argues that there was no adverse action because Plaintiff was issued a counseling-only chrono. The Court agrees.

Although the document provided to Plaintiff by Defendant Herrera is titled a Rules Violation Report, the report clearly states that it is a counseling-only chrono. (Defs. Req. Judicial Not. Ex. A.) A counseling-only chrono is issued when "minor misconduct recurs after verbal counseling or if documentation of minor misconduct is needed." Cal. Code Regs. tit. 15, § 3312(a)(2); In re Perez, 7 Cal. App. 5th 65, 75 (2016), *as modified on denial of reh'g* (Jan. 4, 2017). The regulations do not require that any action be taken as a result of a counseling or informational chrono. See Cal. Code Regs. tit. 15, §§ 3000, 3312. In addition, the counseling-only chrono issued by Herrera did not require that any actions be taken against Plaintiff, although it did express that future violations would result in progressive discipline.

Furthermore, and of significant note, several district courts within the Ninth Circuit have concluded that informational and counseling chronos do not constitute adverse actions. See, e.g., Samano v. Copeland, No. 1:07-cv-0039-OWW-GSA (PC), 2008 WL 2168884, at *2 (E.D. Cal. May 23, 2008) (dismissing retaliation claim on ground that counseling chrono did not constitute adverse action); Williams v. Woodford, No. 1:06-cv-01535-DLB (PC), 2009 WL 3823916, at *3 (E.D. Cal. Nov. 13, 2009) (dismissing retaliation claim on ground that alleged filing of the false informational chrono was not adverse action); Jenkins v. Caplan, No. C 02-5603 RMW (PR), 2010 WL 3742659, at *2 (N.D. Cal. Sept. 16, 2010) (granting summary judgment for defendant where plaintiff failed to present evidence that chrono constituted adverse action); see also Garcia v. Blahnik, No. 14cv875-LAB (BGS), 2017 WL 1161225, at *4 (S.D. Cal. Mar. 29, 2017) (granting summary judgment on retaliation claim on ground that general chronos did not threaten plaintiff and thus did not constitute adverse action); Martin v. Desha, No. 1:16-cv-1353-AWI-MJS (PC), 2017 WL 1354140, at *2 (E.D. Cal. Apr. 13, 2017) (dismissing retaliation claim on ground that informational chrono did not constitute adverse action, even though plaintiff alleged that it might be used to deny parole; reasoning that multiple factors play into parole decision); Vallery v. Botkin, No. 2:20-cv-00767-TLN-KJN, 2020 WL 7425343, at *7-8 (E.D. Cal. Dec. 18, 2020) (counseling-only rules violation report did not

constitute adverse action as it is informational only with no disciplinary effect); Heilman v. Furster, No. CV 15-9987 VVS (FFM), 2018 WL 2588900, at *10-11 (C.D. Cal. May 1, 2018) (same).

Likewise, Plaintiff has failed to set forth facts to demonstrate that the counseling-only chrono issued by Defendant Herrera was adverse to him. Plaintiff contends that the warning that future misconduct may lead to progressive discipline constituted an adverse action. However, Herrera's warning of progressive discipline was not a threat of adverse action. Plaintiff's argument was rejected by the district court in Garcia v. Blahnik, 2017 WL 1161225, at *4. There, the inmate was issued a counseling-only chrono for violation of the library rules. Garcia, 2017 WL 1161225, at *4. In distinguishing between the purpose of the counseling-only chrono and a threat, the Court noted that "[the defendant] has every right to record Garcia's failure to follow library rules and to put Garcia on notice that continuing to interfere with the functioning of the library has consequences." (Id.) Here, as in Garcia, Plaintiff seeks to characterize Herrera's warning of future discipline as a threat. However, just as the librarian in Garcia, Defendant Herrera had the right to document Plaintiff's conduct and warn that future failure to obey orders would result in progressive disciplinary measures.

Plaintiff attempts to conflate a threat of harm with a warning not to engage in future misconduct. The Ninth Circuit has held that a threat of harm is sufficient adverse action to proceed on a retaliation claim. See Brodheim v. Cry, 584 F.3d 1262 (9th Cir. 2009). In Brodheim, after the inmate filed a grievance, the appeals coordinator responded, "I'd like to warn you to be careful what you write on this form," and subsequently requested the inmate plaintiff be transferred to a different facility because of the grievance and lawsuit. Id. at 1264. The Ninth Circuit determined that the threat of harm under those circumstances constituted adverse action. Id. at 1270.

In this instance, Herrera's warning that Plaintiff must return to his housing unit after advised by prison officials is consistent with CDCR policy, which requires such admonition. (Defs.' Reg. Judicial Not. Ex. C; DOM § 52080.3 ("The Counseling Only RVR shall include complete circumstances regarding the misbehavior and a statement that repetition of the behavior may result in more serious discipline.")). Plaintiff does not have a protected right to ignore a prison official's order to return to his facility when his yard time expired. Thus, there is simply no basis to find that Defendant Herrera's warning not to disobey future orders amounts to a threat. Furthermore, the

7

regulations do not require that Defendant Herrera wait until the verbal counseling failed to achieve a desired corrective result. See Cal. Code Regs. tit. 15, § 3312(a)(2) (discretion provided to determine whether a verbal warning or written documentation is necessary: "[w]hen similar minor misconduct reoccurs after verbal counseling or if documentation of minor misconduct is needed, a description of the misconduct and counseling provided shall be documented on a Counseling Only Rules Violation Report.") To the extent Plaintiff argues that he should have been given a verbal warning prior to issuance of the counseling-only chrono, his argument is not persuasive. Herrera verbally ordered all inmates to return to their housing unit, and when Plaintiff failed to abide by the order, the issuance of a counseling-only chrono was within Herrera's discretion. Moreover, no adverse action was taken against Plaintiff after issuance of the counseling-only chrono as the disciplinary process ended.[2] (Defs.' Req. Judicial Not. Ex. C.) Accordingly, Defendant Herrera's motion to dismiss the retaliation claim against him should be granted.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Herrera's motion to dismiss be granted; and
2. The retaliation claim against Defendant Herrera be dismissed from the action, without leave to amend, for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///
///

---

[2] Because the Court finds that Plaintiff has failed to demonstrate adverse action, a necessary element of a retaliation claim, the Court need not reach the alternative argument for qualified immunity.

specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 29, 2021**

　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE