1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MELVIN R. ARRANT,                        No.  1:20-cv-01253-DAD-SAB (PC)

12              Plaintiff,

13        v.                                  ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATIONS AND GRANTING
14   KELLY SANTORO, et al.,                   DEFENDANT HERRERA'S MOTION TO
                                              DISMISS
15              Defendants.
                                              (Doc. Nos. 22, 25)
16

17        Plaintiff Melvin R. Arrant is a state prisoner appearing *pro se* and *in forma pauperis* in

18   this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United

19   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        On April 30, 2021, the assigned magistrate judge issued findings and recommendations

21   recommending that defendant O. Herrera's motion to dismiss (Doc. No. 22) be granted.  (Doc.

22   No. 25.)  Specifically, the magistrate judge recommendation that plaintiff's First Amendment

23   retaliation claim against defendant Herrera be dismissed, without leave to amend, due to

24   plaintiff's failure to state a cognizable claim upon which relief may be granted.  (*Id.* at 8.)  In so

25   recommending, the magistrate judge concluded that plaintiff failed to sufficiently allege that

26   defendant had taken an "adverse action" against him (a requisite element of a retaliation claim)

27   because the allegedly falsified counseling-only chrono that defendant Herrera had issued to

28   plaintiff does not constitute an "adverse action."  (*Id.* at 4–8.)  The findings and recommendations

1

1   were served on the parties and contained notice that any objections thereto were to be filed within

2   twenty-one (21) days after service.  (*Id.* at 8–9.)  On May 19, 2021, plaintiff filed objections to

3   the pending findings and recommendations.  (Doc. No. 26.)  Defendant Herrera did not file any

4   objections but did file a response to plaintiff's objections on June 2, 2021.  (Doc. No. 28.)

5          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

6   *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's

7   objections and defendant's responses thereto, the court finds the findings and recommendations to

8   be supported by the record and by proper analysis.

9          In his objections to the pending findings and recommendations, plaintiff focuses on

10   explaining why he believes that defendant Herrera falsified the counseling-only chrono.  (Doc.

11   No. 26 at 3–6.)  Plaintiff's explanations and beliefs in this regard, however, are not relevant to the

12   court's analysis of defendant Herrera's motion to dismiss.  In determining whether a complaint

13   states a claim on which relief may be granted, the court accepts as true the allegations in the

14   complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v.*

15   *King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.

16   1989).  In other words, the court has already assumed for the purposes of defendant's motion to

17   dismiss that defendant Herrera did falsify the counseling-only chrono as plaintiff has alleged in

18   his complaint.  Accordingly, plaintiff's objections in this regard provide no basis upon which to

19   reject the pending findings and recommendations.

20          In addition, plaintiff did not meaningfully address the magistrate judge's conclusion that

21   the issuance of a counseling-only chrono (falsified or not) does not constitute an adverse action or

22   address the many cases cited in the findings and recommendations in which district courts have

23   similarly concluded that issuance of a counseling-only chrono to is not an adverse action

24   sufficient to serve as the basis for a retaliation claim.  (*See* Doc. No. 25 at 6–7.)

25          Accordingly:

26   1.     The findings and recommendations issued on April 30, 2021 (Doc. No. 25) are

27          adopted in full;

28   2.     Defendant Herrera's motion to dismiss (Doc. No. 22) is granted;

3.  The Clerk of the Court is directed to terminate defendant Herrera as a named defendant in this action; and

4.  The remaining defendants shall file an answer to the complaint within twenty-one (21) days from the date of service of this order.

IT IS SO ORDERED.

Dated:  __**June 10, 2021**__                                    _____

UNITED STATES DISTRICT JUDGE