UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN R. ARRANT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KELLY SANTORO, et al.,<br><br>　　　　　Defendants. | Case No.: 1:20-cv-01253-DAD-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, DEFENDANTS' MOTION FOR PROTECTIVE ORDER<br><br>(ECF No. 40) |

　　　　Plaintiff Melvin R. Arrant is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Defendants' motion for a protective order, filed September 22, 2021.

　　　　This action is proceeding Defendants Lozano, E. Garcia, Dodson, J. Valdez, Felix, A. Flores, P. Chanelo, and D. Tapia for retaliation, and a separate excessive force claims against Defendants J. Florez and D. Tapia.

　　　　Defendants request the Court issue a protective order staying all merit-based discovery in order for them to investigate whether Plaintiff exhausted his retaliation claim and potentially file a summary judgment motion on that claim.  Defendants argue a decision on exhaustion as to Plaintiff's retaliation claim will potentially eliminate the need for discovery on this claim.

///

1

A party may seek a protective order that stays discovery pending resolution of a potentially dispositive motion. Mlejnecky v. Olympus Imaging America, Inc., 2011 WL 489743, at * 5 (E.D. Cal. 2011) (citing Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6))).

District courts look unfavorably upon blanket stays of discovery when a potentially dispositive motion is pending. Id. at 6. A motion for protective order seeking to preclude discovery must be supported by "good cause" and a "strong showing." Id.  Federal district courts in California have applied a two-part test when evaluating a request to stay. Id. "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." Id. "Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery." Id. "Discovery should proceed if either prong of this test is not met." Id.

District courts have also consistently found that a judge deciding whether to issue a stay of discovery should take a 'peek' at the merits of the potentially dispositive motion in evaluating whether a stay should issue." Id. at 8 (citing Quest Commc'ns Corp v. Herakles, LLC., 2007 WL 2288299, at *2 (E.D. Cal. 2007); Seven Springs Ltd. Partnership v. Fox Capital Management Corp., 2007 WL 1146607, at *2 (E.D. Cal. 2007); GTE Wireless, Inc. v. Qualcom, 192 F.R.D. 284, 286 (S.D. Cal. 2000)).

Defendants' motion to stay discovery is denied because Defendants failed to file the summary judgment motion on which the pending motion to stay is based.  The undersigned cannot evaluate the pending motion to stay without a "cursory" review of the merits of the potentially dispositive summary judgment motion.  Moreover, the pending motion appears overbroad.  Defendants seek to stay discovery as to the merits of all of plaintiff's claims, including plaintiff's excessive force claim. However, it is unclear whether the summary judgment motion Defendants intend to file will also argue that Plaintiff failed to exhaust administrative remedies as to his excessive force claim.

Accordingly, Defendants' motion to stay discovery is denied without prejudice to its refiling once Defendants file the motion for summary judgment based on alleged failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:     **September 23, 2021**

UNITED STATES MAGISTRATE JUDGE