1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11    MELVIN R. ARRANT,                      )    Case No.: 1:20-cv-01253-DAD-SAB (PC)
                                            )
12                    Plaintiff,             )
                                            )    ORDER DENYING PLAINTIFF'S MOTION FOR
13            v.                             )    APPOINTMENT OF COUNSEL, WITHOUT
                                            )    PREJUDICE
14    KELLY SANTORO, et al.,                 )
                                            )    (ECF No. 42)
15                    Defendants.            )
                                            )
16                                           )
                                            )
17    _____       )

18        Plaintiff Melvin R. Arrant is proceeding *pro se* and *in forma pauepris* in this civil rights action

19    pursuant to 42 U.S.C. § 1983.

20        Currently before the Court is Plaintiff's motion for appointment of counsel, filed November 1,

21    2021.

22        There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d

23    1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to

24    28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490

25    U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the

26    voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

27        Without a reasonable method of securing and compensating counsel, the court will seek

28    volunteer counsel only in the most serious and exceptional cases.  In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does find that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff seeks appointment of counsel in order to propound discovery and conduct factual investigation. Plaintiff is proceeding on claims of retaliation and excessive force and the legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint. While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.") Accordingly, Plaintiff motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 3, 2021**

UNITED STATES MAGISTRATE JUDGE

2