UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN R. ARRANT,<br><br>    Plaintiff,<br><br>    v.<br><br>KELLY SANTORO, et al.,<br><br>    Defendants. | Case No.: 1:20-cv-01253-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO COMMUNICATE WITH DEFENSE COUNSEL BY MAIL ONLY<br><br>(ECF No. 44) |

    Plaintiff Melvin R. Arrant is proceeding *pro se* and *in forma pauepris* in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Plaintiff's motion for a court order directing Defendant's counsel to communicate with him by mail only. (ECF No. 44.) Plaintiff contends that communicating with defense counsel by telephone in front of officers violates his right to privacy and triggers his post traumatic stress disorder. (Id.)

    Plaintiff is informed that the attorney-client privilege is not necessarily implicated in his communications with attorneys who do not represent him. See, e.g, Giba v. Cook, 232 F.Supp.2d 1171, 1187 (D. Or. 2002). Nor does Plaintiff's right of self-representation transform his legal materials into confidential attorney work product or provide him routine access to confidential telephone calls. In addition to the requirement that Plaintiff establish a resulting injury, a prisoner's

1

right of access to the courts must be balanced with a prison's "penological interest in curtailing the prisoner's privacy rights. See Hudson v. Palmer, 468 U.S. 517, 530 (1984) (inmates have no expectation of privacy in their living quarters); Bell v. Wolfish, 441 U.S. 520, 537 (1979) (prisoner's privacy rights curtailed by prison's security interests)." Gomez v. Vernon, 255 F.3d 1118, 1133 (9th Cir.2001).  Plaintiff has failed to demonstrate he has been denied access to the court by any telephone communication with defense.  The mere fact that Plaintiff prefers to communicate with defense counsel by mail does not warrant a court order mandating communication in such form.  Accordingly, Plaintiff's request to communication with defense counsel by telephone only is denied.

IT IS SO ORDERED.

Dated:   **November 19, 2021**

UNITED STATES MAGISTRATE JUDGE