1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN R. ARRANT, | Case No. 1:20-cv-01253-ADA-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR SEVERANCE OF CLAIMS |
| v. | |
| KELLY SANTORO, et al., | (ECF No. 69) |
| Defendants. | |

Plaintiff Melvin R. Arrant is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for severance, filed April 17, 2023. (ECF No. 69.)

## I.

## PROCEDURAL BACKGROUND

This action is currently proceeding against Defendants Dodson and Garcia for retaliation, against Defendant Florez for excessive force, and against Defendant Tapia for excessive force and retaliation.

Defendants filed an answer to the complaint on July 1, 2021. (ECF No. 30.) After an unsuccessful settlement conference, the Court issued the discovery and scheduling order on September 17, 2021. (ECF No. 39.)

On October 5, 2022, Defendants' exhaustion-related motion for summary judgment was

1   granted as to Plaintiff's retaliation claims against Defendants Lozano, Valdez, Felix, A. Flores,

2   and Chanelo.  (ECF No. 56.)

3          On April 10, 2023, the Court granted Defendants' motion to modify the Court's

4   discovery and scheduling order to allow the parties time to resolve a discovery dispute and to

5   depose witnesses about their declarations that Arrant recently disclosed and contends supports

6   his claims against Officer Florez and Officer Tapia. (ECF No. 68.)

7          On April 17, 2023, Defendants filed the instant motion for severance of Plaintiff's claims.

8   (ECF No. 69.)  Although Plaintiff received an extension of time, no opposition has been file and

9   the time to do so has passed.  Local Rule 230(l).

10                                             **II.**

11                                    **LEGAL STANDARD**

12         A basic lawsuit is a single claim against a single defendant.   Federal Rule of Civil

13  Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the

14  same defendant.   Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple

15  defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence,

16  or series of transactions" and "any question of law or fact common to all defendants will arise in

17  the action."   However, unrelated claims that involve different defendants must be brought in

18  separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is not only

19  intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners

20  pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three

21  strikes rule under the Prison Litigation Reform Act.  28 U.S.C. § 1915(g).

22         Permissive joinder under Rule 20 "is to be construed liberally in order to promote trial

23  convenience and to expedite the final determination of disputes, thereby preventing multiple

24  lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th

25  Cir. 1997). The purpose of Rule 20 is to address the "broadest possible scope of action consistent

26  with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged."

27  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).  Rule 20 sets forth two

28  specific requirements for permissive joinder: "(1) a right to relief must be asserted by, or against,

1    each plaintiff or defendant relating to or arising out of the same transaction or occurrence or

2    series of transactions or occurrences; and (2) some question of law or fact common to all parties

3    must arise in the action." <u>Desert Empire Bank v. Ins. Co. of N. Am.</u>, 623 F.2d 1371, 1375 (9th

4    Cir. 1980) (citing <u>League to Save Lake Tahoe</u>, 558 F.2d at 917).

5          With respect to the first requirement, courts assess the facts of each case individually to

6    determine whether joinder is sensible in light of the underlying policies of permissive party

7    joinder. <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1350 (9th Cir. 1997). "The 'same transaction'

8    requirement of Rule 20 refers to 'similarity in the factual background of a claim; claims that arise

9    out of a systematic pattern of events' and have a 'very definite logical relationship.' " <u>Hubbard v.</u>

10   <u>Hougland</u>, 2010 WL 1416691, at *7 (E.D. Cal. Apr. 5, 2010) (quoting <u>Bautista v. Los Angeles</u>

11   <u>County</u>, 216 F.3d 837, 842-843 (9th Cir. 2000)). Additionally, "the mere fact that all [of a

12   plaintiff's] claims arise under the same general law does not necessarily establish a common

13   question of law or fact." <u>Coughlin</u>, 130 F.3d at 1351.

14         As to the second requirement, commonality under Rule 20 is not a particularly stringent

15   test. <u>See</u> <u>Johnson v. Shaffer</u>, 2013 WL 140115, at *2 (E.D. Cal. Jan. 10, 2013) (citing <u>Bridgeport</u>

16   <u>Music, Inc. v. 11 C Music</u>, 202 F.R.D. 229, 231 (M.D. Tenn. 2001)). The Rule requires only a

17   single common question, not multiple common questions. Fed. R. Civ. P. 20 ("any question of

18   law or fact common to ..."). "The common question may be one of fact or of law and need not be

19   the most important or predominant issue in the litigation." <u>Johnson</u>, 2013 WL 140115, at *2

20   (citing <u>Mosley v. Gen. Motors Corp.</u>, 497 F.2d 1330, 1333 (8th Cir. 1974)). And even if a court

21   finds that the requirements have been met, "a district court must examine whether permissive

22   joinder would 'comport with principles of fundamental fairness' or would result in prejudice to

23   either side." <u>Coleman v. Quaker Oats Company</u>, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing

24   <u>Desert Empire Bank</u>, 623 F.2d at 1375 (finding that the district court did not abuse its discretion

25   when it severed certain plaintiff's claims without finding improper joinder)).

26         The district court may sever claims or parties in order to avoid prejudice. Fed. R. Civ. P.

27   20(b). Courts have also exercised their discretion to sever where "[i]nstead of making the

28   resolution of [the] case more efficient ... joinder would instead confuse and complicate the issues

for all parties involved." <u>Rodriguez v. Tilton</u>, 2013 WL 1163796, at *6 (E.D. Cal. Mar. 20, 2013) (quoting <u>Wynn v. Nat'l Broad. Co.</u>, 234 F. Supp. 2d 1067, 1088 (C.D. Cal. 2002) (finding that even where Rule 20 requirements for joinder are satisfied, the court may exercise its discretion "to sever for at least two reasons: (1) to prevent jury confusion and judicial inefficiency, and (2) to prevent unfair prejudice to the [defendants]")) (citing <u>Coleman</u>, 232 F.3d at 1350).

**III.**

**DISCUSSION**

Defendants argue that Plaintiff improperly attempts to combine into one lawsuit three different claims that should be three different lawsuits. The first claim alleges a First Amendment retaliation claim against Officers Dodson and Garcia arising from two incidents that occurred in May 2018 and July 2018 at North Kern State Prison. The second Eighth Amendment claim against Officer Florez alleging that excessive force was used when restraining and escorting Plaintiff on May 18, 2019 at North Kern. The final claim alleges a retaliation and excessive force claim against Officer Tapia when Tapia allegedly pushed and kicked Plaintiff May 24, 2019 because Plaintiff complained about Officer Florez's supposed use of force.

Defendants submit that through discovery, it is clear now that these three claims arise from different occurrences and lack a common question of law or fact common to all Defendants. Defendants therefore request that the Court sever into two separate lawsuits the claim against Officer Florez and the claims against Officer Tapia from the claims against Officers Dodson and Garcia under Federal Rule of Civil Procedure 21.

With respect to the first requirement, Defendants argue:

Here, Arrant's claims against Officers Dodson and Garcia occurred in May 2021 and July 2021—a year prior to the incidents giving rise to the claims against Officer Florez and Officer Tapia. (ECF No. 1 at 10–13, 21–24.) Time alone sufficiently separates the claims against Officers Dodson and Garcia from the claims against Officer Florez and Officer Tapia. *See Harris*, 2023 WL 2609623, at *1

As to the claims against Officer Florez and Officer Tapia, these two claims are completely separate and distinct. (See ECF No. 1 at 21–22.) First, Officer Florez's interaction with Arrant arose shortly after Arrant threatened a correctional officer. (Georgely Decl. ¶ 2, Ex. A [Arrant Dep. Tr. 113–14].) Whereas, Arrant claims that the context for his interaction with Officer Tapia was because Arrant was placed in the

wrong housing unit. (ECF No. 1 at 23–24.) And, Arrant's stay in a mental health hospital intervenes and separates these two distinct occurrences. (Georgely Decl. ¶ 2, Ex. A [Arrant Dep. Tr. 127–29]; see ECF No. 1 at 22.)

(ECF No. 69 at 10.)

With respect to the second requirement, Defendants argue:

Resolving Arrant's claims against Officers Dodson and Garcia, Officer Florez, and Officer Tapia will require their own "particularized factual analysis" as to each of the three claims. See Visendi, 733 F.3d at 870 (holding claims failed the second prong when the resolution of one claim did not resolve facts in other claims). This is because the three claims arise from distinct and separate occurrences and are based in different questions of law. *See id*.

(ECF No. 69 at 10.)

Here, Defendants argue that they will be prejudiced by presentation of the three claims to the jury. Defendants have filed an answer to the complaint and conducted discovery, despite the claim of misjoinder. Indeed, Defendants have not argued that they will prejudiced in relation the filing of pretrial motions, including a dispositive motion. Accordingly, the Court finds that Defendants' motion for severance is premature, as the dispositive motion deadline has not yet expired. Given that dispositive motions have not yet been filed, the final claims that will be at issue at trial have yet to be determined. If, Defendants file a motion for summary judgment on any or all of the claims, they may therein renew the request for severance as to all or certain claims.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for severance of the claims be denied, without prejudice.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14)** days after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 10, 2023**

UNITED STATES MAGISTRATE JUDGE