UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN R. ARRANT,<br><br>         Plaintiff,<br><br>    v.<br><br>KELLY SANTORO, et al.,<br><br>         Defendants. | No. 1:20-cv-01253-KES-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Docs. 81, 94 |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action proceeds on claims for (1) retaliation in violation of the First Amendment against defendants Garcia, Dodson, and Tapia, and (2) excessive force in violation of the Eighth Amendment against defendants Florez and Tapia.  Doc. 94.  Specifically, this action proceeds on (1) a retaliation claim against Garcia and Dodson for conducting a cell search on May 29, 2018, (2) a retaliation claim against Garcia for the issuance of an allegedly false rules violation report on July 31, 2018, (3) retaliation and excessive force claims against Tapia for the use of force on May 18, 2019, and (4) an excessive force claim against defendant Florez for the use of force on May 24, 2019.  *See* Docs. 11, 13, 14.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On January 10, 2024, defendants filed a motion for summary judgment.  Doc. 81.  After receiving an extension of time to file an opposition, plaintiff filed an opposition to the motion for summary judgment.  Doc. 90.

1

On November 25, 2024, the assigned magistrate judge issued findings and recommendations, recommending defendants' motion for summary judgment (Doc. 81) be granted in part and denied in part. Specifically, the findings and recommendations recommended that: (1) summary judgment be granted for defendants Dodson and Garcia on plaintiff's retaliation claim regarding the May 29, 2018 search; (2) summary judgment be granted for defendant Garcia on plaintiff's retaliation claim for the issuance of a RVR report in July 2018; (3) summary judgment be denied on plaintiff's excessive force claim against defendant Florez; (4) summary judgment be denied as to plaintiff's excessive force and retaliation claims against defendant Tapia; (5) defendants Florez and Tapia be denied qualified immunity; and (6) the excessive force (and retaliation) claims against defendants Florez and Tapia be heard in separate trials. Doc. 94. The findings and recommendations were served on the parties and contained notice that any objections thereto must be filed within twenty-one days. *Id.* at 31. Defendants filed objections on December 16, 2024. Doc. 95. Plaintiff did not file objections and the time to do so has passed.

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. In their objections, defendants challenge the magistrate judge's recommendation that summary judgment be denied as to Florez and Tapia.

**Excessive Force - Florez**

First, defendants object to the recommendation that summary judgment be denied as to the excessive force claim against Florez. Defendants contend that the magistrate judge erred by disregarding allegedly undisputed facts regarding the context of Florez' use of force, including Florez's belief that he was complying with CDCR policy. *Id.* at 6-8. However, the findings and recommendations appropriately recognized that defendants' declarations and plaintiff's verified allegations were in conflict and that there were genuine disputes as to material facts. Although the context of Florez's use of force may be relevant to a jury when weighing the parties' credibility, the findings and recommendations properly made all reasonable inferences in favor of the non-moving party and determined that a genuine dispute of material fact existed as to whether Florez's use of force was excessive. Further, Florez's subjective belief that he was complying

1  with CDCR policy is predicated on Florez's version of the events – Florez does not claim that he
2  subjectively believed that the use of force as described by plaintiff would comply with CDCR
3  policy.

4  Defendants also argue that plaintiff incurred only a de minimis injury and therefore
5  plaintiff cannot sustain an excessive force claim. *Id.* at 8. "Under the Eighth Amendment,
6  however, the relevant inquiry is not whether Plaintiff's *injuries* were de minimis, but whether the
7  *use of force* was de minimis." *Changamu v. Lamb*, No. CV-22-01598-PHX-DGC (JFM), 2025
8  WL 460912, at *7 n.13 (D. Ariz. Feb. 11, 2025); *see also Hudson v. McMillian*, 503 U.S. 1, 9
9  (1992). The findings and recommendations properly reasoned that plaintiff's allegations, if true,
10 could give rise to a constitutional violation because, as alleged, plaintiff was complying with
11 Florez's directions when Florez squeezed plaintiff's right hand and slammed it against the steel
12 cage slot hard enough that plaintiff felt his bone "pop" in his right hand. *See* Doc. 94 at 23. If a
13 jury were to credit plaintiff's version of events, a reasonable jury could find that the use of force
14 was unwarranted and excessive. Plaintiff also alleges he complained that the handcuffs were
15 excessively tight but was ignored. *See id.* Even under Florez's version of events, Florez does not
16 claim that the circumstances required that he use more force than usual when applying handcuffs
17 – Florez alleges plaintiff was agitated and confrontational and made statements that later proved
18 to be untrue, but Florez's declaration is devoid of any claim that such conduct necessitated the use
19 of more force than normally required in handcuffing plaintiff. *See* Doc. 81-10 at 2.

20 Defendant Florez also points to the non-party nurse's examination of plaintiff, and the
21 X-rays taken three days after the incident, as proof that there was no injury to plaintiff's wrist.
22 Doc. 95 at 8-9. However, this evidence goes to the extent of the injury plaintiff may have
23 suffered, and not towards whether Florez's use of force was excessive. The findings and
24 recommendations properly reasoned that the weighing of the evidence and credibility
25 determinations were jury determinations that could not be resolved at the summary judgment
26 stage. Doc. 94 at 23.

27 The Court agrees that there is a genuine dispute of material fact as to whether the force
28 used by Florez was excessive and that such dispute precludes summary judgment.

**<u>Excessive Force - Tapia</u>**

Second, defendants object to the recommendation that summary judgment be denied as to the excessive force claim against Tapia. Defendants contend that the magistrate judge erred by "improperly" disregarding undisputed facts regarding the context of Tapia's use of force, including that plaintiff made false safety concerns, expressed suicidal ideations, and yelled and spoke over Tapia. Doc. 95 at 9-10. Although the context of Tapia's use of force may be relevant to a jury when weighing the credibility of the parties' differing accounts, the findings and recommendations properly refrained from crediting defendants' declarations over plaintiff's verified allegations and made all reasonable inferences in favor of the non-moving party. Like Florez, Tapia's assessment that his actions complied with CDCR policy is predicated on his version of the events. Under plaintiff's version of the incident, which Tapia disputes, Tapia slammed plaintiff against the ground and against the wall and kicked plaintiff twice in the chest. Doc. 94 at 24-26. Tapia denies these allegations and does not argue that such actions were needed to further any legitimate penological purpose.

Although defendant Tapia argues that the Court should not consider plaintiff's allegation that plaintiff was seated peacefully when Tapia first encountered him, defendant does not cite to any evidence that plaintiff was being physically disruptive. *See* Doc. 95 at 10. The findings and recommendations correctly reasoned that, under plaintiff's version of events, Tapia's alleged use of force was excessive under the circumstances, even if plaintiff was angry and disrespectful.

Defendant also argues that plaintiff, rather than Tapia, caused plaintiff's injuries. *Id.* at 11. Defendant argues that, because plaintiff did not respond to defendant's allegation that plaintiff repeatedly struck the holding cell with his body, this allegation is undisputed. *See id.* at 10-11. However, even if the Court were to find that this fact is undisputed for the purposes of summary judgment, such fact would not make summary judgment for Tapia appropriate. Plaintiff alleges that the excessive force occurred while Tapia was escorting plaintiff to the gym, before Tapia placed plaintiff in the holding cell; in contrast, Tapia alleges that once plaintiff was in the holding cell, plaintiff struck his body against the holding cell. *See* Doc. 94 at 24-25. In viewing the facts in the light most favorable to the non-moving party, there remains a material dispute of

4

fact as to whether plaintiff's version of events occurred, regardless of whether plaintiff also later struck his body against the holding cell wall as Tapia alleges. While a jury may credit Tapia's allegation and draw an inference that plaintiff's own actions caused any injury to plaintiff's knee, conversely a jury might credit plaintiff's allegation that Tapia's use of force during the transport caused his injuries. The findings and recommendations correctly refrained from weighing the evidence or making credibility determinations.

### Retaliation - Tapia

Defendants also objects to the recommendation that summary judgment be denied as to the retaliation claim against Tapia. Doc. 95 at 11. Defendants argue that the undisputed evidence shows that plaintiff caused his own injuries. *Id.* at 11. However, as discussed above, the findings and recommendations correctly found that there was a dispute of material fact as to the cause of plaintiff's injuries.

Defendants also argue that, even if Tapia used excessive force, Tapia did not have a retaliatory motive. *Id.* at 12. While defendants provide other reasons for why Tapia allegedly could have used force on plaintiff, defendants' objections do not address plaintiff's allegation that Tapia snatched legal documents from plaintiff's hands and yelled "fuck your rights and the Judge," and "you wanna make video complaints against my partner," while engaging in conduct that plaintiff alleges constitutes excessive force. *See id.* at 12. If a jury were to credit plaintiff's version of events, plaintiff could sustain a retaliation claim against Tapia.

### Qualified Immunity

Lastly, defendants argue that the findings and recommendations erred in concluding that Florez and Tapia were not entitled to qualified immunity. *Id.* at 12-14. Defendants argue that the findings and recommendations erred by relying on cases at too high a level of generality to establish that the conduct at issue was clearly established. *Id.* at 13. However, defendants propose a view of the facts that is too narrow and largely relies on the defendants' disputed version of events.

An officer may be denied qualified immunity only if "(1) the [evidence], taken in the light most favorable to the party asserting injury, show[s] that the officer's conduct violated a

1  constitutional right, and (2) the right at issue was clearly established at the time of the incident
2  such that a reasonable officer would have understood her conduct to be unlawful in that
3  situation." *Calonge v. City of San Jose*, 104 F.4th 39, 44 (9th Cir. 2024) (quoting *Torres v. City*
4  *of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011)). "While there does not have to be a case
5  directly on point, existing precedent must place the lawfulness of the [conduct] beyond debate."
6  *Villanueva v. California*, 986 F.3d 1158, 1165 (9th Cir. 2021) (internal quotation marks and
7  citations omitted). The findings and recommendations correctly reasoned that, when viewing the
8  facts in the light most favorable to plaintiff, it was clearly established that Florez and Tapia's
9  alleged conduct violated the Eighth Amendment, and in Tapia's case, also violated the First
10 Amendment. Doc. 94 at 29.

11        Viewed in the light most favorable to plaintiff, plaintiff's version of the incident shows
12 that Florez and Tapia used more force than warranted under the circumstances, as plaintiff was
13 not physically resisting their commands or posing a physical threat to himself or others.
14 Defendants do not contend that plaintiff did more than make false statements in the past and be
15 disrespectful. Defendants argue that plaintiff's false statements and manipulative behavior
16 heightened the risk of injury to plaintiff and others, Doc. 95 at 13, but defendants dispute
17 plaintiff's allegations regarding the use of force. They do not claim they used such force and did
18 so because of the alleged heightened risk of injury. Under the defendants' version of events,
19 defendants did not use the force plaintiff claims they used, and they assert they used no more
20 force than they otherwise would use to effectuate a routine handcuff or escort.

21        Under plaintiff's version of events, plaintiff posed no physical threat to himself or others
22 during a controlled handcuff and/or escort and did not physically resist the officer's lawful
23 commands, yet, without provocation, defendant Tapia intentionally slammed plaintiff's hand
24 against the steel cage slot hard enough that plaintiff felt his bone "pop," and defendant Florez
25 slammed plaintiff against the ground and wall and kicked plaintiff twice in the chest. The
26 findings and recommendations correctly found that, when viewing the facts in the light most
27 favorable to plaintiff, defendants' actions, as alleged by plaintiff, do not merit qualified immunity.
28 A reasonable correctional officer would have understood that the prohibition against such conduct

1  was clearly established. *See, e.g.*, *Alexander v. Perez*, 124 F. App'x 525, 526 (9th Cir. 2005)
2  (since *Hudson*, "a reasonable officer would know that intentionally harming a prisoner without a
3  disciplinary or other permissible purpose violates the Eighth Amendment."); *Hudson*, 503 U.S. at
4  6–7.

5      Under plaintiff's version of events, Tapia used excessive force in retaliation for plaintiff
6  having filed grievances.  A reasonable officer would have understood that such conduct was
7  prohibited under clearly established law.  *See, e.g.*, *Shepard v. Quillen*, 840 F.3d 686, 688, 693
8  (9th Cir. 2016) (it is clearly established that "a correctional officer may not retaliate against a
9  prisoner for exercising his First Amendment right to report staff misconduct.").

10      Therefore, the findings and recommendations correctly reasoned that defendants are not
11  entitled to qualified immunity.

12  **Conclusion**

13      Having carefully reviewed the file, including defendants' objections, the Court concludes
14  the findings and recommendations (Doc. 94) are supported by the record and proper analysis.

15      Accordingly:

16  1. The findings and recommendations issued November 25, 2024 (Doc. 94) are adopted in
17      full.

18  2. Defendants' motion for summary judgment is granted in part and denied in part as
19      follows:

20      a. Granted as to plaintiff's retaliation claims against defendants Dodson and Garcia;
21      b. Denied as to plaintiff's excessive force claim against defendant Florez;
22      c. Denied as to plaintiff's excessive force and retaliation claims against defendant
23         Tapia; and
24      d. The excessive force claim against defendants Florez is to be heard in a separate
25         trial from the excessive force and retaliation claim against defendant Tapia.

26  ///
27  ///
28  ///

3. The matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: October 12, 2025

UNITED STATES DISTRICT JUDGE

8