UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN R. ARRANT,<br><br>    Plaintiff,<br><br>    v.<br><br>KELLY SANTORO, et al.,<br><br>    Defendants. | No. 1:20-cv-01253-KES-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Following the final ruling on Defendants' motion for summary judgment, this case is ready to proceed with two separate jury trials on Plaintiff's excessive force claim against Defendant Florez and Plaintiff's excessive force and retaliation claims against Defendant Tapia. (ECF No. 96.)

On October 16, 2025, the Court ordered the parties to advise the Court whether they believed a settlement conference would be productive. (ECF No. 97.)

On October 24, 2025, the Court's October 14, 2025 and October 16, 2025, orders were returned by the United States Postal Service as undeliverable.[1,2]

---

[1] Both orders were served at Plaintiff's address of record.

[2] The Court's October 31, 2025, order granting Defendants' motion for an extension of time was also returned as

1

1    Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the
2    Clerk and all other parties of any change of address .... Absent such notice, service of documents
3    at the prior address of the ... pro se party shall be fully effective."  Further, Local Rule 183(b)
4    states that a "party appearing in propria persona shall keep the Court and opposing parties advised
5    as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is
6    returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing
7    parties within thirty (30) days thereafter of a current address, the Court may dismiss the action
8    without prejudice for failure to prosecute."

9    It has been over thirty 30 days since the orders were returned as undeliverable, and
10   Plaintiff has failed to file a notice of change of address or to otherwise advise the Court of his
11   current address.  Because Plaintiff has failed keep the Court apprised of his current address in
12   violation of the Local Rules, this action is subject to dismissal. Given the Court's inability to
13   communicate with Plaintiff, there are no other reasonable alternatives available to address
14   Plaintiff's failure to obey the Local Rules and failure to prosecute.

15   Accordingly, within **fourteen (14)** days from the date of service of this order, Plaintiff
16   shall show cause why the action should not be dismissed.  Failure to comply with this order will
17   result in dismissal of the action.

IT IS SO ORDERED.

Dated:    **December 1, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

"undeliverable."

2