1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MELVIN R. ARRANT, | No. 1:20-cv-01253-KES-SAB (PC) |
|---|---|
| Plaintiff, | ORDER DISMISSING ACTION |
| v. | Doc. 101 |
| KELLY SANTORO, et al., | |
| Defendants. | |

    Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Following the final ruling on defendants' motion for summary judgment, this case is ready to proceed with two separate jury trials on plaintiff's excessive force claim against defendant Florez and plaintiff's excessive force and retaliation claims against defendant Tapia.  Doc. 96.

    On October 16, 2025, the assigned magistrate judge ordered the parties to advise the Court whether they believed a settlement conference would be productive.  Doc. No. 97.  The October 14, 2025, order adopting findings and recommendations and the October 16, 2025 order were served at plaintiff's address of record but were returned by the United States Postal Service as undeliverable on October 24, 2025.  On November 12, 2025, the Court's order granting defendants' motion for an extension of time, which was served on plaintiff, was also returned as "undeliverable."

1

Therefore, on December 1, 2025, the Court ordered plaintiff to show cause why the action should not be dismissed. Doc. 101. Plaintiff has not responded to the order and the time in which to do so has passed. On December 15, 2025, the order to show cause was returned to the Court as "Undeliverable, RTS, Attempted – Not known, Unable to forward." *See* docket.

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address .... Absent such notice, service of documents at the prior address of the ... pro se party shall be fully effective." Further, Local Rule 183(b) states that a "party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

It has been over thirty 30 days since the Court's October 14, October 16, and October 31, 2025 orders were returned as undeliverable, and plaintiff has failed to file a notice of change of address or to otherwise advise the Court of his current address. Because plaintiff has failed keep the Court apprised of his current address in violation of the Local Rules, this action is subject to dismissal.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with court orders and failure to prosecute. In determining whether to dismiss an action under Rule 41(b) for failure to prosecute or failure to comply with a court order, the Court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Court finds that the *Henderson* factors weigh in favor of dismissal. The public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal because the Court cannot effectively manage its docket nor can the litigation be expeditiously resolved if plaintiff does not litigate his case. *See Yourish v. Cal.* Amplifier, 191

1  F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). The Court issued an order requiring plaintiff to show cause why the action should not be dismissed, and plaintiff has not responded to it. Doc. 101.

As to the third factor, the risk of prejudice to the defendants also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).

Finally, the Court's warning in its December 1, 2025 order, Doc. 101, that plaintiff's failure to timely respond to that order would result in dismissal of this action, satisfies the "considerations of the alternatives" requirement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Additionally, at this stage in the proceedings there is little else available to the court that would constitute a satisfactory lesser sanction given the Court's apparent inability to communicate with plaintiff.

Accordingly,

1. This action is dismissed without prejudice.
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   December 19, 2025

_____
UNITED STATES DISTRICT JUDGE

3